# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DANIEL R. MARTIN, #340878 | : | |
| Plaintiff | : | |
| v. | : | Civil Action No.  AW-07-828 |
| TARSHA OWENS | : | |
| and | : | |
| GREGORY S. HATFIELD | : | |
| Defendants | : | |

. . . . . . .o0o. . . . . . .

**MEMORANDUM**

This is a pro se 42 U.S.C §1983 complaint filed by Daniel R. Martin, a state inmate at the Eastern Correctional Institution.  Plaintiff claims that on September 26, 2006,   Tarsha Owens, a parking lot attendant, "had full knowledge" that Martin did not commit the parking garage robberies for which he was charged.[1]  Martin seeks damages in the amount of  $1,000, 000.

Plaintiff has requested and will be granted leave to proceed in forma pauperis.  As such, his claims are reviewed pursuant to 28 U.S.C. § 1915A.  This provision requires courts to screen civil actions brought by  prisoners, and dismiss complaints which fail to state a claim upon which relief may be granted.  The Court will dismiss the complaint under this standard.

**I. Analysis**

Federal district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331.

   **A.  Defendants must be State Actors**

---

[1] Gregory S. Hatfield, President of the Baltimore office of the corporation that owns the parking lot, is named in the complaint presumably under a theory of supervisory liability.

In order to state a federally cognizable claim under 42 U.S.C. § 1983, Martin must allege that the conduct about which he complains was committed by a person or persons acting under the color of state law, and that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or the laws of the United States. *See* 42 U.S.C. §1983; *see also West v. Atkins*, 487 U.S. 42, 48 (1988). Martin neither alleges nor provides any evidence that either defendant Tarsha Owens or Gregory S. Hatfield acted under state law. For this reason, the Complaint fails to state a cognizable federal claim.

## II. Conclusion

The Complaint fails to allege a federal claim over which this Court may exercise subject matter jurisdiction. Accordingly the Court shall dismiss this case without prejudice.[2] An Order consistent with this Memorandum follows.

Date: April 9, 2007                         /s/
                                   Alexander Williams, Jr.
                                   United States District Judge

---

[2] To the extent Martin might have any claims under state law, this Court will dismiss the Complaint without prejudice to refiling in the appropriate state forum.